FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOEL SOLORIO ESPINO,<br><br>Defendant. | No. 1:17-CR-2040-LRS-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING<br><br>**ECF Nos. 116, 117** |

On Wednesday, July 13, 2022, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 116) and related Motion to Expedite (ECF No. 117). Defendant was represented by Assistant Federal Defender Nick Mirr. Assistant United States Attorney Thomas Hanlon represented the United States. With Defendant's consent, Defendant appeared by video from the Yakima County Jail.

"[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d).

ORDER - 1

Under that Rule, the Court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a) pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). Defendant bears the burden of establishing by clear and convincing evidence that Defendant is not a risk of flight or a danger to any other person or the community. *Id.*; *see also* 18 U.S.C. § 3143(a).

The Court has considered the petitions, the arguments of counsel, and the testimony of United States Probation Officer Araceli Mendoza. Defendant, through counsel, requested release to inpatient drug treatment at the James Oldham Treatment Center (JOTC). The Court's concerns with the treatment integrity of JOTC, combined with its concerns regarding Defendant's honesty and ability to comply with Court orders, in addition to the reasons stated on the record, form the basis for the Court's conclusion that Defendant has not met his burden of establishing by clear and convincing evidence he is not a flight risk or danger to the community. Accordingly, the Court denies Defendant's request for release pending the revocation hearing.

Based on the foregoing, **IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 117**) is **GRANTED**.

2. Defendant's Motion to Reopen Detention Hearing (**ECF No. 116**) is **DENIED**. Defendant shall remain held in detention pending disposition of this case or until further order of the Court.

ORDER - 2

3.     If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

**IT IS SO ORDERED**.

DATED July 13, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 3